UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAMONT K.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C25-2508-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found osteoarthritis of the left acromioclavicular joint, type II diabetes, obesity, anxiety, a depressive disorder and a schizoaffective disorder are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform medium work with reaching limits and limited to jobs involving simple instructions, occasional interaction with the public, occasional changes on a work setting and without a specific production rate such as assembly line or hourly production quotas; and Plaintiff cannot perform past relevant work but is not disabled because he can perform work as a dishwasher, assembly line worker and a packer.

Plaintiff contends the ALJ harmfully misevaluated the opinions of Heather O'Brien, Psy.D., James Davidson, Ph.D., John L, Ph.D. and John G. Ph.D., improperly discounted Plaintiff's testimony; and made erroneous step-five findings. For the reasons below, the Court

ORDER REVERSING AND REMANDING - 1

**REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A.     Medical Opinions**

Plaintiff argues the ALJ misevaluated medical opinion evidence regarding the severity of his mental health symptoms and limitations. The ALJ considers the persuasiveness of medical opinions using five factors. 20 C.F.R. § 404.1520c(b)(2), (c). ALJs must explain how they considered the supportability and consistency factors but need not explain how they considered the other factors. *Id.* An ALJ cannot reject a medical opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi,* 32 F.4th 785, 792 (9th Cir. 2022).

**1.     Dr. O'Brien**

The ALJ rejected Dr. O'Brien's December 13, 2024 opinion that Plaintiff's mental symptoms created a significant barrier to employment first finding this is a "questioned reserved to the Commissioner." The ALJ misconstrues Dr. O'Brien's opinion. The doctor's statement Plaintiff is "unlikely to be employable" was set forth along a discussion of Plaintiff's need for a highly supportive work environment, minimal social interaction, and flexible work hours; his memory problems that would cause difficulties understanding; his impaired reasoning; and his guarded attitude creating significant challenges interacting with others. Thus Dr. O'Brien did not merely state Plaintiff was could not work or was disabled; rather she discussed how Plaintiff's mental health symptoms would affect Plaintiff's ability to work, which the ALJ should have considered.

ORDER REVERSING AND REMANDING - 2

The ALJ found Dr. O'Brien supported her opinions based upon Plaintiff's statements and her "own mixed mental status examination findings." This indicates the ALJ found Dr. O'Brien's opinions are supported. However, the ALJ also found "more restrictive limitations in these areas of mental function are *inconsistent* with the normal mental examination findings and the claimant's daily living activities above.

The ALJ found Plaintiff has a long history of mental health problems. Plaintiff claims disability as of December 20, 2023. The ALJ found since that date some mental status examinations (MSE) showed he had abnormal affect, distractable attention span, poor concentration, pressured speech and disorganized thought process.

However, the ALJ also found the "combination of normal mental health status examination findings and activities of daily living" show Plaintiff has the RFC to perform work. In support, the ALJ cited records from December 21, 2023 to May 20, 2024 which indicated Plaintiff had stress and difficulty managing emotional distress but coherent speech, appropriate affect and no agitation or psychotic symptoms. *See* Tr. 324-25, 338, 346, 349, 352, 360, 367. As to daily activities, the ALJ noted PA Khanal indicated Plaintiff can cook, clean, shower go shopping and drive a car (3F/2); the ALJ also cited other portions of the record that indicated Plaintiff lives alone, visits a favorite park twice a week, and can feed himself. *See* (2F/13, 25, 78-79, 165; 7F/8).

The above MSE findings and Plaintiff's activities of daily living is not substantial evidence supporting the ALJ's consistency finding. First, many of the cited MSE findings appear in the form of an abbreviated notation, rather than a complete description of each MSE finding or whether a complete MSE was performed by a qualified medical source. Second, the most recent MSE upon which the ALJ relies occurred seven months before Dr. O'Brien examined Plaintiff.

ORDER REVERSING AND REMANDING - 3

Hence, the cited MSEs do not reflect any changes or worsening in Plaintiff's condition, or the status of his mental health conditions noted in December 2024. Third, the daily activities upon which the ALJ relied are skimpy at best. The activities are barely described and amount to minimal activities, i.e., that Plaintiff lives alone, feeds himself, can drive a car and can visit a favorite park. The Court accordingly finds the ALJ erred in rejecting Dr. Obrien's opinions.

**2.    Dr. Davison**

The ALJ rejected Dr. Davison's opinions for two reasons. First, as with Dr. O'Brien, the ALJ rejected Dr. Davison's opinion Plaintiff has "occupational and social impairment with reduced reliability and productivity" as an impermissible intrusion on a question reserved for the Commissioner. However, like Dr. O'Brien, Dr. Davison did not merely state Plaintiff was disabled or could not work. Instead, Dr. Davison noted among other things that Plaintiff had depressed mood, anxiety, suspiciousness, panic or depression affecting function, sleep impairment, mild memory loss, flattened affect, difficulty understanding complex commands, difficulty adapting, impulse control problems. Dr. Davison found Plaintiff was marginally cooperative, mechanical and guarded in all responses, and was malodorous and mildly unkempt. Plaintiff's MSE indicated both normal and abnormal findings. The ALJ did not properly address and evaluate Dr. Davison's findings and observations, and accordingly erred.

The ALJ also rejected Dr. Davison's opinion on the grounds it failed to specify the frequency with which Plaintiff can engage in activities in an eight-hour workday and was thus "vague." The ALJ has a duty to develop the record to resolve ambiguity. When the ALJ finds the record is not adequate to allow evaluation of the evidence, the ALJ must conduct an appropriate inquiry. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001) (quotation omitted). Here the ALJ rejected Dr. Davison's opinions because the ALJ found it did not contain specific findings

ORDER REVERSING AND REMANDING - 4

the ALJ deemed necessary. The ALJ therefore had a duty to conduct an appropriate inquiry rather than simply rejecting the entirety of Dr. Davison's opinions.

The Court accordingly finds the ALJ erred in rejecting Dr. Davison's opinions and must reassess them on remand.

### 3.   John L, Ph.D. and John G. Ph.D.

As the ALJ on remand must reassess the opinions of Drs O'Brien and Davison, and develop the record as needed, the ALJ must necessarily reassess the opinions of John L. and John G.

### 4.   Plaintiff's Testimony

Plaintiff argues the ALJ erred in discounting his testimony about the severity of his mental health symptoms. The ALJ rejected Plaintiff's testimony as inconsistent with the MSE findings between 2023 and May 2024. As noted above the ALJ erred as these MSE do not account for changes between May 2024 and December 2024, as assessed by Dr. O'Brien.

The ALJ also discounted Plaintiff's testimony because he did not require hospitalization. The Court rejects the notion that only those placed in a mental hospital are disabled. *See Schiaffino v. Saul,* 799 F. App'x 473, 476 (9th Cir. 2020) (finding hospitalization not required to show mental health conditions are disabling). The ALJ also rejected Plaintiff's testimony because he engaged in a "fair range" of daily activities "as noted above in summarizing the claimant's severe physical impairments." As these activities were go to physical limits, they do not constitute substantial evidence to reject Plaintiff's testimony about his mental limitations.

The Court accordingly concludes the ALJ erred in rejecting Plaintiff's testimony about his mental limitations. As Plaintiff has not argued or shown the ALJ erred in rejecting his

ORDER REVERSING AND REMANDING - 5

testimony about his physical limitations, the Court declines to disturb that portion of the ALJ's decision.

## CONCLUSION

The Court finds the ALJ harmfully erred and **REVERSES** the Commissioner's final decision and **REMANDS** the matter further administrative proceedings under sentence four of 42 U.S.C. § 405(g). While Plaintiff contends the record is complete and the Court should remand for an award of benefits, the above discussion shows the record is incomplete. The ALJ made errors in assessing medical opinions and Plaintiff's testimony and further proceedings are needed to reassess this evidence. For instance, the course of Plaintiff's condition is not static which could alter a finding as to the onset date. Doctor Davison's opinion was deemed "vague" and further development of his opinion is thus necessary. The Court thus concludes remand for further proceedings is appropriate and necessary.

On remand, the ALJ shall, reassess the opinions of Drs. O'Brien and Davison; reassess the other medical opinions as needed; develop the record and redetermine RFC as needed; and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 3rd day of April, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 6